LOUIS R. MOFFA, JR. (LM-9432)
RICHARD D. GALLUCCI, JR. (RG-4635)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
A Pennsylvania Limited Liability Partnership
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ 08043-4636
(856) 761-3400

Attorneys for Defendants Valero Energy Corporation and
Howe-Baker Engineers, Ltd.

FILED
DEC 9 2003
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RIGGS DISTLER & COMPANY, INC.,

Plaintiff,

v.

VALERO ENERGY CORPORATION and HOWE-BAKER ENGINEERS, LTD.,

Defendants.

Civil Action No. 03CV5854(FLW)

Removed Proceeding:
New Jersey Superior Court
Law Division, Gloucester County
Docket No. GLO-1809-03.

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants Valero Energy Corporation ("Valero") and Howe-Baker Engineers, Ltd. ("Howe-Baker"), by their undersigned counsel, hereby remove this action from the Superior Court of New Jersey, Law Division, Gloucester County, to the United States District Court, District of New Jersey, Camden Vicinage, pursuant to 28 U.S.C. §1441 *et seq.* based upon the following grounds:

1. Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Gloucester County under Docket No. GLO-1809-03, on or about November 12, 2003. A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2. Defendants Valero and Howe-Baker received a copy of Plaintiff's Summons and Complaint on November 18, 2003.

3. This Notice of Removal is filed within thirty (30) days after the receipt by Defendants Valero and Howe-Baker of Plaintiff's Summons and Complaint, as required by 28 U.S.C. § 1446(b).

4. Defendant Valero Energy Corporation was, at the time this action was commenced, and is, a corporation organized and existing under the laws of Delaware, with its principal place of business at 1 Valero Place, San Antonio, TX 78212-3186.

5. Defendant Howe-Baker Engineers, Ltd. was, at the time this action was commenced, and is, a corporation organized and existing under the laws of Delaware, with its principal place of business at 3102 East 5th Street, Tyler, TX 75701-5103.

6. Upon information and belief, Plaintiff Riggs Distler & Company, Inc. was, at the time this action was commenced, and is, a corporation organized and existing under the laws of Maryland, and is authorized to do business in New Jersey with an address of 2007 Elmwood Avenue, Sharon Hill, PA 19079.

7. In the Complaint, Plaintiff seeks, among other relief, to foreclose a construction lien totaling $678,054 under the New Jersey Construction Lien Law, N.J.S.A. 2A:44A-1 *et seq.*

8. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. The present lawsuit is removable from the New Jersey Superior Court, Law Division, Gloucester County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1332(a)(1) and §1441(a).

10. Under 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey is the proper venue for removal jurisdiction because it embraces the place where this action is pending.

11. Defendants Valero and Howe-Baker consent to and join in the removal of this action. Accordingly, there is unanimity among the defendants seeking to remove this case to the federal court pursuant to 28 U.S.C. § 1446(a).

12. Copies of all process, pleadings, and orders served upon Defendants in the State Court action are attached hereto as Exhibit "A".

13. Written notice of the filing of this Notice of Removal is being forwarded to Plaintiff's counsel, as well as the Clerk of the Court for the Superior Court of New Jersey, Law Division, Gloucester County, pursuant to 28 U.S.C. § 1446(d).

14. By filing this Notice of Removal, Defendants do not waive any defense that may be available to them, including, but not limited to, the right to contest *in personam* jurisdiction, improper service of process, and improper venue, in this Court or in the court from which this action has been removed.

WHEREFORE, Defendants Valero and Howe-Baker hereby remove the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Gloucester County, to the United States District Court for the District of New Jersey, Camden Vicinage.

LOUIS R. MOFFA, JR. (LM-9432)
RICHARD D. GALLUCCI, JR. (RG-4635)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
A Pennsylvania Limited Liability Partnership
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ 08043-4636
(856) 761-3400

Attorneys for Defendants Valero Energy Corporation and Howe-Baker Engineers, Ltd.

*Of Counsel*:
CARL G. ROBERTS
BALLARD SPAHR ANDREWS
& INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

Dated: December 9, 2003.


ExH.
A

Collection of money Per attorney

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1.

**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

FOR USE BY CLERK'S OFFICE ONLY

PAYMENT TYPE: CK CG CA

CHG / CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

ATTORNEY / PRO SE NAME: Frank P. Spada, Jr.

TELEPHONE NUMBER: (856) 810-2299

COUNTY OF VENUE: Gloucester

FIRM NAME (if applicable): Flamm, Boroff & Bacine, P.C.

DOCKET NUMBER (When available):

OFFICE ADDRESS: Willow Ridge Executive Office Park, Suite 301, 750 Route 73, South, Marlton, NJ 08053

DOCUMENT TYPE: Complaint

JURY DEMAND: [ ] YES [X] NO

NAME OF PARTY (e.g. John Doe, Plaintiff): Riggs Distler & Company, Inc

CAPTION: Riggs Distler & Company, Inc. v. Valero Energy Corp. and Howe-Baker Engineers, Ltd.

CASE TYPE NUMBER (See reverse side for listing): 599

IS THIS A PROFESSIONAL MALPRACTICE CASE? [ ] YES [X] NO

IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? [ ] YES [X] NO

IF YES, LIST DOCKET NUMBERS:

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? [ ] YES [X] NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN: [ ] NONE [X] UNKNOWN

Superior Court of New Jersey Gloucester NOV 12 2003 FINANCE DEPARTMENT

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? [X] YES [ ] NO

IF YES, IS THAT RELATIONSHIP: [ ] EMPLOYER-EMPLOYEE [ ] FRIEND / NEIGHBOR [ ] OTHER (explain) [ ] FAMILIAL [X] BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? [ ] YES [X] NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

Complaint for Foreclosure of Construction Lien

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? [ ] YES [X] NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? [ ] YES [X] NO

IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE: [signature] 11/11/03

Revised effective 10/1/02

**FLAMM, BOROFF & BACINE, PC**
**By: Frank P. Spada, Jr.**
**Atty. ID No. FS6400**
**Suite 301**
**750 Route 73, South**
**Marlton, NJ 08053**
**(856) 810-2299**
**Attorney for Plaintiff**

| | | |
|---|---|---|
| **RIGGS DISTLER & COMPANY, INC., a Maryland corporation, Plaintiff** | : | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION** |
| **v.** | : | **GLOUCESTER COUNTY** |
| | : | **Docket No.** |
| **VALERO ENERGY CORP., a Delaware corporation and HOWE-BAKER ENGINEERS, LTD., a Delaware limited liability company, Defendant** | : | **Civil Action** |
| | : | **COMPLAINT FOR FORECLOSURE OF CONSTRUCTION LIEN; DESIGNATION OF COUNSEL; and CERTIFICATION PURSUANT TO R. 4:5-1** |

Plaintiff Riggs Distler & Company, Inc. complains and alleges as follows:

FIRST COUNT
(Foreclosure of Construction Lien)

1. Plaintiff Riggs Distler & Company, Inc. is and at all times herein mentioned was a corporation organized and existing under the laws of the State of Maryland, authorized to do business in New Jersey, with an address of 2007 Elmwood Avenue, Sharon Hill, PA 19079-1019.

2. Defendant Valero Energy Corp. is and at all times herein mentioned was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Valero Place, San Antonio, TX 78212-3186. Valero Energy Corp. is the owner of the real property concerned by the within action, and is

DELIVERED THIS 18 DAY OF Nov 2003
BY [signature]
PROFESSIONAL CIVIL PROCESS

sued herein pursuant to the Construction Lien Law, N.J.S.A. 2A:44A-1, et seq., on account of said interest.

3. Defendant Howe-Baker Engineers, Ltd. is and at all times herein mentioned was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3102 East 5th Street, Tyler, TX 75701-5103. Howe-Baker Engineers, Ltd. is sued herein pursuant to the Construction Lien Law, N.J.S.A. 2A:44A-1, et seq., on account of its interest as general contractor for the project.

4. Jones LG, LLC is and at all times herein mentioned was, upon information and belief, a North Carolina corporation, with an address and principal place of business at 270 Davidson Avenue, Somerset, NJ 08873-4140. Jones LG, LLC is the subject of a bankruptcy filed under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina at case no. 03-33532.

5. Plaintiff is informed and believes and thereon alleges that Valero Energy Corp. and Howe-Baker Engineers, Ltd. entered into a written agreement (hereinafter the "prime contract"), whereby in consideration of the prime contract Howe-Baker Engineers, Ltd. agreed to act as general contractor on the construction of the Valero Energy Corp. New Jersey Project at Block 5025, Lot 1, 800 Billingsport Road, Greenwich Township, Gloucester County, New Jersey, referred to hereinafter as the "work of improvement."

6. Plaintiff is informed and believes and thereon alleges that Howe-Baker Engineers, Ltd. and Jones LG, LLC entered into a written subcontract, whereby in

consideration of the subcontract Jones LG, LLC agreed to, inter alia, furnish equipment setting sitework labor and related materials to the work of improvement.

7. On August 5, 2003, Plaintiff and Jones LG, LLC entered into a written agreement (hereinafter the "Subcontract") whereby in consideration of the subcontract price of Two Million, Nine Hundred Forty-nine Thousand, Three Hundred Forty-four and 00/100 Dollars ($2,949,344.00), later decreased by Fifty-seven Thousand, Three Hundred Fifty-six and 56/100 Dollars ($57,356.56) upon written amendments to the total subcontract price, Plaintiff agreed to furnish equipment setting sitework labor and related materials to the work of improvement. Plaintiff is informed and believes and thereon alleges that the labor and materials agreed to be supplied were called for by part of the written prime contract between Defendant Valero Energy Corp. and Defendant Howe-Baker Engineers, Ltd.

8. From time to time thereafter and within the last year past, Plaintiff furnished the aforesaid labor and materials to Jones LG, LLC for the benefit of Defendants Valero Energy Corp. and Howe-Baker Engineers, Ltd. according to the Subcontract. All of the materials were furnished by Plaintiff at the prevailing rates for such labor and materials in the County of Gloucester, and all were used in and entered into the erection and construction of the work of improvement, which became and since has been affixed permanently to and is an integral part of that certain tract or parcel of land and premises described as Block 5025, Lot 1 on the tax map of the Township of Greenwich, County of Gloucester, State of New Jersey, and commonly known as the Valero Energy Corp. New Jersey Project at 800 Billingsport Road, Paulsboro, New

Jersey, owned by Defendant Valero Energy Corp., and described herein as the "liened premises."

9. Jones LG, LLC breached the Subcontract by failing to pay Plaintiff the sums due Plaintiff for such sitework labor and materials furnished in the sum of Six Hundred Seventy-eight Thousand Fifty-four and 00/100 Dollars ($678,054.00).

10. There is now due, owing and unpaid to Plaintiff for labor and materials under the aforesaid Subcontract and on account thereof, including for supply and installation of the sitework labor and materials, in the aggregate sum of Six Hundred Seventy-eight Thousand Fifty-four and 00/100 Dollars ($678,054.00) after deducting all just credits and offsets; the same has not been paid.

11. The amount due for labor and materials provided by Plaintiff in connection with the work of improvement, and upon which Plaintiff's related construction lien claim is based is determined as follows:

| | | |
|---|---|---|
| Total contract amount: | $2,949,344.00 | |
| Amendments to contract: | ($57,356.56) | |
| Total completed to date: | $1,101,902.00 | |
| Total paid to date: | $423,848.00 | |
| TOTAL CURRENTLY DUE/TOTAL LIEN CLAIM AMOUNT: | | $678,054.00 |

12. On October 7, 2003, not later than ninety (90) days following the date the last work, services, material or equipment was provided for which payment is claimed, Plaintiff duly filed a verified notice of its lien claim against the ownership interest of Defendant Valero Energy Corp. in the liened premises with the Office of the Clerk for the County of Gloucester.

13. Neither Jones LG, LLC nor Defendants Valero Energy Corp. or Howe-Baker Engineers, Ltd. have paid the claim or any part thereof.

14. Plaintiff, by certified mail, return receipt requested, postage prepaid, served a copy of the lien claim to the last known business address of Jones LG, LLC and Defendant Valero Energy Corp., against whom the claim is asserted. Plaintiff served a copy of the lien claim to the last known business address of Defendant Howe-Baker Engineers, Ltd. via personal service.

15. On November 5, 2003, Plaintiff amended its Construction Lien Claim amount by filing an Amended Construction Lien Claim in the amount set forth above. Copies of the Amended Construction Lien Claim have been served upon Defendants Valero Energy Corp. and Howe-Baker Engineers, Ltd. by personal service. A copy of the Amended Construction Lien Claim has also been served upon Jones LG, LLC by personal service at its corporate offices.

16. This action has been commenced within one (1) year of the date of the last provision of work, services, material or equipment, payment for which the lien claim was filed.

**WHEREFORE,** Plaintiff Riggs Distler & Company, Inc. demands judgment against Defendant Valero Energy Corp. as follows:

(a) Determining the amount due to the Plaintiff from Defendant Valero Energy Corp.;

(b) Declaring that Plaintiff holds a valid lien, in the amount of Plaintiff's damages plus interest, upon the ownership interest of Defendant Valero Energy Corp. in the liened premises;

(c) Declaring that a special writ of execution may issue to make the amount recovered herein by Plaintiff by sale of the improvements and land

comprising the liened premises;

(d) Determining and declaring the validity and priority of all competing lien claims established by judgment for payment pro rata out of the lien fund and the proceeds of the sale so authorized;

(e) Determining and declaring the validity and priority of every mortgage upon the liened premises to the extent that the mortgage secures funds which have been applied within the safe harbor of the statute in such cases provided, N.J.S.A. 2A:44A-22;

(f) Directing that the Defendant Valero Energy Corp. pay to the Plaintiff the amount due to it from the moneys due or to become due Howe-Baker Engineers, Ltd. for that portion of the work of improvement performed by Plaintiff;

(g) For attorneys' fees, pre-judgment interest and costs of suit; and

(h) For such other and further relief as the Court may deem just and equitable.

SECOND COUNT
(For the Reasonable Value of Labor and Materials Supplied against Valero Energy Corp. (Quantum Meruit))

1. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 16, inclusive, of the First Count of this Complaint.

2. Within the period since August 5, 2003, at the request of Jones LG, LLC for the benefit of Defendant Valero Energy Corp., Plaintiff furnished labor and materials to the work of improvement as hereinabove set forth.

3. At all relevant times herein, the reasonable value of said labor and materials after deducting all payments made on account and all just offsets was, and the balance due of the reasonable value thereof presently is, Six Hundred Seventy-eight Thousand Fifty-four and 00/100 Dollars ($678,054.00).

4. Plaintiff has repeatedly made demand on Defendant Valero Energy Corp. for such sum, but despite reasonable demand therefor, Valero Energy Corp. has failed

and refused and continues to fail and refuse to pay the Plaintiff the reasonable value of the said labor and materials, and there is now due and owing from Valero Energy Corp. to Plaintiff after all just deductions and offsets, the sum of Six Hundred Seventy-eight Thousand Fifty-four and 00/100 Dollars ($678,054.00).

**WHEREFORE,** Plaintiff Riggs Distler & Company, Inc. prays for judgment against Defendant Valero Energy Corp. for the reasonable value of the labor and materials supplied, for interest thereon, for attorneys' fees, for costs of suit, and for such other and further relief as the Court may deem just and proper.

THIRD COUNT
(For the Reasonable Value of Labor and Materials Supplied against Howe-Baker Engineers, Ltd. (Quantum Meruit))

1. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 16, inclusive, of the First Count of this Complaint, and pleads this Third Count as an alternative to the Second Count.

2. Within the period since August 5, 2003, at the request of Jones LG, LLC for the benefit of Defendant Howe-Baker Engineers, Ltd., Plaintiff furnished labor and materials to the work of improvement as hereinabove set forth.

3. At all relevant times herein, the reasonable value of said labor and materials after deducting all payments made on account and all just offsets was, and the balance due of the reasonable value thereof presently is, Six Hundred Seventy-eight Thousand Fifty-four and 00/100 Dollars ($678,054.00).

4. Plaintiff has repeatedly made demand on Defendant Howe-Baker Engineers, Ltd. for such sum, but despite reasonable demand therefor, Howe-Baker

Engineers, Ltd. has failed and refused and continues to fail and refuse to pay the Plaintiff the reasonable value of the said labor and materials, and there is now due and owing from Howe-Baker Engineers, Ltd. to Plaintiff after all just deductions and offsets, the sum of Six Hundred Seventy-eight Thousand Fifty-four and 00/100 Dollars ($678,054.00).

**WHEREFORE,** Plaintiff Riggs Distler & Company, Inc. prays for judgment against Defendant Howe-Baker Engineers, Ltd. for the reasonable value of the labor and materials supplied, for interest thereon, for attorneys' fees, for costs of suit, and for such other and further relief as the Court may deem just and proper.

**FLAMM, BOROFF & BACINE, PC**

**DATE:** 11/11/03

**By:** ______________________

**FRANK P. SPADA, JR.**
Attorney for Plaintiff

**CERTIFICATION PURSUANT TO RULE 4:5-1**

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court and is likewise not the subject of any pending arbitration proceeding. I further certify that I have no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action. I am not presently aware of any other party who should be joined in this action, except Jones LG, LLC which is presently under the protection of Chapter 11 of the United States Bankruptcy Code and not subject to complaint in this Court.

I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

**FLAMM, BOROFF & BACINE, PC**

**DATE:** 11/12/03

**By:** ______________________
**FRANK P. SPADA, JR.**
Attorney for Plaintiff

**DESIGNATION OF TRIAL COUNSEL**

In accordance with R. 4:5-1(c) and R. 4:25-4, Frank P. Spada, Jr., is hereby designated as trial counsel for the Plaintiff Riggs Distler & Company, Inc. in the above matter.

**FLAMM, BOROFF & BACINE, PC**

**DATE:** 11/12/03

**By:** ______________________
**FRANK P. SPADA, JR.**
Attorney for Plaintiff